(139 App. Div. 637.)

### KALISHER v. BROWNING, KING & CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

MASTER AND SERVANT (§§ 185, 193*)—INJURIES TO SERVANT—NEGLIGENCE OF FELLOW SERVANT OR INDEPENDENT CONTRACTOR.

    Plaintiff was employed by defendant as an electrician in defendant's building, and after the installation of an electric light plant in the building certain tests of the plant were made by plaintiff, the foremen of the several contractors who had installed the plant, and defendant's steam engineer.  During such tests plaintiff was injured by falling into a pit filled with scalding water.  The pit was usually covered with planks, which had evidently been removed by some one concerned in the work of making the tests.  *Held*, that plaintiff was not entitled to recover from his employer, as the negligence was the act of a fellow servant or of an independent contractor.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385, 394, 482;  Dec. Dig. §§ 185, 193.*]

Appeal from Trial Term, New York County.

Action by Samuel Kalisher against Browning, King & Co.  From a judgment for plaintiff, and from an order denying a motion for a new trial (63 Misc. Rep. 67, 116 N. Y. Supp. 856), defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry S. Curtis, for appellant.
David L. Podell, for respondent.

SCOTT, J.  Defendants appeal from a judgment entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action is for damages for personal injuries received under the following circumstances:  Defendant owns and occupies a large building in the City of New York.  Plaintiff was employed by it for some years prior to the accident as electrician, his duty being to see that the electric lamps were kept in order, and he occasionally did such wiring as might be necessary.  His duties took him to all parts of the building, including the basement.  There was also in the employ of defendant an engineer named Martin, who had charge of the furnace and the generating of steam for heating and manufacturing purposes. The duties of plaintiff and Martin were quite independent, and neither seems to have exercised superintendence over the other.  Prior to the year 1906 defendant had taken electricity for lighting purposes from the street main of the Edison Electric Company.  In that year it determined to install a plant and generate its own electricity.  To this end it made several contracts, one for the erection of two engines, one for the installation of dynamos, one for steam fitting, and one, with a brother of plaintiff, for the electrical installation in connection with a new switchboard.  When the plant had been practically completed it was determined that a test should be made under the direction of plaintiff's brother, who was one of the contractors.  The test involved the placing of a hogshead of water between the two dynamos and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

passage of the current through the water. This produced a considerable heat, rendering it necessary to constantly replenish the hogshead with cold water. As one of the adjuncts of the new engines there had been constructed a small pit to receive the waste condensation from the engines. This pit was about four feet deep and approximately three feet square. It was fitted with a siphon to carry off the water to the sewer. At the time of the accident this pit, which was flush with the floor, had been in existence for three or four weeks, and plaintiff knew its location perfectly, having frequently passed over it. It was usually kept covered with boards or planks, and was so covered during a part of the time that the electrical test was in progress.

Plaintiff, apparently at the suggestion of his brother and himself, was directed to assist in the test. There were also present the foremen of the several contractors who had installed the plant and Martin, the engineer. In order to keep the water in the hogshead cool there had been arranged two pipes, one to convey cold water into the hogshead, and the other to carry off the heated water, which was conducted by the pipe to the pit above described. This placed upon the pit a greater burden than it had been designed to carry, and it threatened to overflow. To avoid this a number of those present were obliged to bail it out, necessarily removing for this purpose the covering boards or planks. At some time in the afternoon the plaintiff, having occasion to pass from one part of the basement to another, walked into the pit and was severely scalded. He says that the water had so overflowed the floor that he could not distinguish the pit or see that it was uncovered. He admits that he knew the location of the pit perfectly well, but relied upon the fact that it was generally covered and safe to walk over.

The evidence leaves open but two conjectures as to how the pit came to be left uncovered. One is that Martin, the engineer, had uncovered it and neglected to replace the cover. The other is that those who had bailed out the pit, and necessarily removed the cover, had neglected to replace it. In either case the negligent act which was the proximate cause of the injury was the work of a fellow servant of the plaintiff, or of an independent contractor, for whose negligence the defendant is not liable. The plaintiff served a notice under the employer's liability act (Consol. Laws, c. 31), and now seeks to uphold the verdict upon the theory that the negligence was that of Martin, and that he occupied the position of superintendent. The evidence clearly shows that Martin did not occupy towards plaintiff the relation of a superintendent. As we read the evidence, the plaintiff wholly failed to show any negligence on the part of defendant, and the complaint should have been dismissed for that reason.

Judgment and order denying motion for a new trial reversed, and a new trial ordered, with costs to appellant to abide event. Order denying motion to dismiss complaint affirmed. All concur.